IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HUMANITARIAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:24-CV-48 (LAG) |
| : | |
| JULIA A. BAUN, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

# **ORDER**

Before the Court is Plaintiff Humanitarian's Emergency Notice of Motion to Vacate Judgment for Fraud on the Court; Motion to Void Judgments, Motion to Amend Complaint, and Emergency Motion Seeking Prohibitory Injunctions (Motion). (Doc. 12). Therein, Plaintiff moves the Court to vacate the judgments in Cases No. 7:24-CV-32, 7:24-CV-38, and 7:24-CV-48 pursuant to Federal Rule of Civil Procedure 60(d)(3).[1] (*Id.* at 2). Defendants did not respond to Plaintiff's Motion. (*See* Docket).

Judgment in the above captioned case was entered on March 27, 2025. (Doc. 8). Rule 60(d)(3) permits a litigant to obtain relief from a final judgment if he can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). A movant seeking relief under Rule 60(d)(3) "must establish by clear and convincing evidence, among other things, 'fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense.'" *Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010) (quoting *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the

---

[1] Plaintiff filed identical Motions all three cases. *Humanitarian v. Treadwell et al.*, No. 7:24-CV-38 (LAG), (Doc. 24) (M.D. Ga. Oct. 7, 2025); *Humanitarian v. Baun et al.*, No. 7:24-CV-32 (LAG), (Doc. 27) (M.D. Ga. Oct. 7, 2025).

court." *Id.* (alteration in original) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). "An action for fraud upon the court should be available only to 'prevent a grave miscarriage of justice.'" *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). "[C]onclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 284–85 (11th Cir. 1987).

As to Case Nos. 7:24-CV-32, 7:24-CV-38, and 7:24-CV-48, Plaintiff contends that Judge Gardner (1) "warred against the United States Constitution," (2) "breached several canons under the Code of Conduct for the United States Judges," (3) "violated her oath of office," (4) "committed malfeasance in office," (5) "violated Plaintiff's due process of law," (6) "violated Plaintiff's access [to] the court," and (7) "violated Plaintiff's right to petition the government for a redress of grievances by intentionally presiding over her own Insurrection case." (Doc. 27 at 2). Plaintiff further asserts that "Judge Gardner intentionally dismissed [Case Nos. 7:24-CV-32 and 7:24-CV-38] to avoid being impeached by Congress, to obstruct [P]laintiff's court judgment, to avoid media publication of the case, and to avoid state law claims that were filed against her." (*Id.*). Finally, Plaintiff contends that even though Judge Gardner "is not listed as a defendant" in Case No. 7:24-CV-48, she "intentionally dismissed [the] case to obstruct [P]laintiff's court judgment, to avoid media publication of [the] case, and to avoid the public having an interest in a trial of [the] case." (*Id.* at 3). Plaintiff requests (1) that all "text only documents" in the named cases be voided, as he contends that they are "not legal[ly] binding orders[,]" (2) an opportunity to amend his Complaint, and (3) a permanent injunction against "Chief Judge Leslie Gardner, Judge Willie Sands, Judge Mark Treadwell, Judge Thomas Langstaff, Judge Clay Land, Judge Charles Ashley Royal, Judge M. Stephen Hyles, and Judge Charles Weigle." (*Id.*).

Plaintiff has not identified any conduct that would constitute "fraud on the court." Moreover, Plaintiff's conclusory averments are unrelated to the Court's underlying

determination that Plaintiff failed to pay the fulling fee within thirty days of the Court's Order.[2] (Doc. 7; *see* Doc. 5).  Accordingly, Plaintiff's Motion (Doc. 12) is **DENIED**.

      **SO ORDERED**, this 20th day of January, 2026.

    /s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2]     The Court dismissed all three cases without prejudice for failure to pay the filing fee. *See Humanitarian v. Treadwell et al.*, No. 7:24-CV-38 (LAG), (Doc. 19) (M.D. Ga. Mar. 25, 2025); *Humanitarian v. Baun et al.*, No. 7:24-CV-32 (LAG), (Doc. 22) (M.D. Ga. Dec. 23, 2024).